```
                    UNITED STATES DISTRICT COURT

           WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION


UNITED STATES OF AMERICA              Case No. 1:06-cr-44

vs.                                   Grand Rapids, Michigan
                                      March 30, 2009
MICHAEL WAYNE HESHELMAN,              2:06 p.m.

         Defendant.                   HON. JANET T. NEFF
_____/


                         INITIAL APPEARANCE
             BEFORE THE HONORABLE HUGH W. BRENNEMAN, JR.
                   UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Government:     Mr. Daniel Y. Mekaru
                        United States Attorney's Office
                        The Law Building - Fifth Floor
                        330 Ionia Ave., NW
                        Grand Rapids, MI  49503
                        (616) 456-2404




For the Defendant:      No Appearance
```

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | Grand Rapids, Michigan                                               |
| 2   | Monday, March 30, 2009 - 2:06 p.m.                                   |
| 3   | THE COURT:  What's the next matter, Counsel?                         |
| 4   | MR. MEKARU:  Good afternoon, your Honor.                             |
| 5   | THE COURT:  Good afternoon.                                          |
| 6   | MR. MEKARU:  Your Honor, this is the matter of the                   |
| 7   | United States versus Michael Wayne Heshelman, case number 1:06-      |
| 8   | cr-44.  This is Mr. Heshelman's initial appearance.                  |
| 9   | THE COURT:  Which gentleman is Mr. Heshelman?                        |
| 10  | Mr. Heshelman, could you step up to the lectern,                     |
| 11  | please?  You are Michael Wayne Heshelman?                            |
| 12  | THE DEFENDANT:  Yes, sir.                                            |
| 13  | THE COURT:  Mr. Heshelman, this is the United States                 |
| 14  | District Court for the Western District of Michigan which means     |
| 15  | that it is a federal court.                                          |
| 16  | You are here because you have been charged with a                    |
| 17  | variety of offenses by the federal grand jury.  Have you received   |
| 18  | a copy of the Indictment in this matter?                             |
| 19  | THE DEFENDANT:  Just this morning, sir.                              |
| 20  | THE COURT:  All right.  Let me just outline it for                   |
| 21  | you.  There are, as I understand it, approximately 52 separate       |
| 22  | counts.  Each count is a separate criminal offense.                  |
| 23  | It appears you are charged in Count 1 with conspiring                |
| 24  | to commit wire fraud.  In Counts 2 through 27 with various           |
| 25  | instances of wire fraud.  In Count 28 with conspiring to commit      |

1  money laundering.  In Counts 29 through 34, various instances of
2  money laundering.
3              In Counts 35 through 38 you are charged with
4  international money laundering.  And in Counts 39 through 46 you
5  are charged with engaging in monetary transactions and property
6  derived from specified unlawful activity; in other words, money
7  laundering.
8              Count 53 is a forfeiture allegation provision.
9  That's simply a notice that the government seeks to have you
10 forfeit any right, title, or interest you might have to certain
11 identified property, but that is not a separate criminal charge.
12             I understand you've just been handed the Indictment.
13 Do you understand the nature of these allegations?
14             THE DEFENDANT:  Yes, I do, your Honor.
15             THE COURT:  All right.  The maximum penalty for Count
16 1, the conspiracy charge, is a prison term of not more than five
17 years and a fine of not more than $250,000 with a period of
18 supervised release after any prison term of not more than three
19 years and a mandatory special assessment of $100.  In fact, each
20 of these offenses carries a special assessment of $100.  There's
21 also a possibility of restitution.
22             Each of Counts 2 through 27 carry maximum penalties
23 of five years and a $250,000 fine, and supervised release after
24 any prison term of not more than three years.  Also restitution.
25             Count 28, which is the conspiracy to commit money

4

1  laundering, carries a maximum penalty of not more than 20 years
2  in prison, a fine of not more than $500,000 or twice the value of
3  the property involved in the transaction, whichever is greater.
4           There'd be a period of supervised release after any
5  prison term of up to three years, and restitution.
6           Counts 29 through 38 each carry a maximum penalty of
7  not more than 20 years in prison and a fine of not more than a
8  half million dollars, $500,000, or twice the value of the
9  monetary instrument or funds involved in the transportation,
10 involved in the transaction essentially.
11          Counts 39 through 46 carry in each instance a maximum
12 penalty of not more than ten years in prison and a $250,000 fine,
13 supervised release of not more than three years, and as with
14 every other count restitution can be ordered as well.  So
15 restitution can be ordered for all of those charges whether I
16 mentioned them or not, and every one also carries a special
17 assessment of $100.
18          You understand all of that?
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  All right.  You have the right to have an
21 attorney represent you at all times.  If you want to have an
22 attorney and cannot afford to hire your own attorney the Court
23 will appoint one for you at no cost to you.
24          You also have the right to remain silent which means
25 that you don't have to talk about this case with anybody.  If you

1  do talk about this case with anyone other than your attorney, of
2  course, whatever you say can be used against you in court.
3              Do you understand those rights?
4              THE DEFENDANT:  Yes, your Honor.
5              THE COURT:  You do not appear this morning or this
6  afternoon with an attorney.  Do you want to have an attorney
7  represent you in this matter?
8              THE DEFENDANT:  Yes, I do, your Honor.
9              THE COURT:  Are you asking the Court to appoint you
10 an attorney?
11             THE DEFENDANT:  Yes, I am, your Honor.
12             THE COURT:  All right.  Have you had a chance to fill
13 out a financial affidavit?
14             THE DEFENDANT:  I just received one two minutes ago.
15             THE COURT:  All right.  I will need to have that
16 filled out, but in broad terms do you own any real estate in the
17 United States?
18             THE DEFENDANT:  No, sir.
19             THE COURT:  Do you have any accounts, banking
20 accounts that contain any appreciable amount of money?
21             THE DEFENDANT:  No, sir.
22             THE COURT:  Stocks, bonds, money market accounts,
23 CDs, anything of that nature?
24             THE DEFENDANT:  No, sir.
25             THE COURT:  Are you employed?

6

1        THE DEFENDANT:  By my Swiss corporation, sir.
2        THE COURT:  All right.  Based on what you've told me
3 I --
4        Mr. Mekaru, you rise to say something?
5        MR. MEKARU:  If I may, your Honor.
6        Your Honor, the defendant has made claims that he has
7 access to millions of dollars, hundreds of millions of dollars.
8        Now, you've asked some very pointed questions about
9 whether he has any funds that are in the United States.  I would
10 ask this Court to inquire of the defendant as to whether he has
11 any funds outside of the United States.
12       I understand that this defendant, in filing the
13 affidavit, he is filing this affidavit under oath and that he's
14 subject to charges of lying to this Court with penalties.  I find
15 it a little troubling that on the one hand he's making these
16 claims of being a multi-millionaire and yet standing before this
17 Court and claiming poverty.
18       THE COURT:  Mr. Heshelman, do you have resources that
19 would allow you to hire an attorney?
20       THE DEFENDANT:  In Switzerland, yes, sir.  The
21 problem -- may I speak, your Honor?
22       THE COURT:  Please do.
23       THE DEFENDANT:  The problem is is that when I left
24 Switzerland, because of the US authorities and the Swiss
25 government, they locked down all my accounts and I have no access

1  to those accounts.
2              In due time if I'm allowed I would be glad to hire my
3  own attorney but as of today I cannot.
4              THE COURT:  Excuse me, go ahead.
5              THE DEFENDANT:  And from what I understand they have
6  just told me I have a bail hearing in a few days and I have no
7  source to access an attorney before then.
8              THE COURT:  What will it take as far as getting
9  access to your assets in Switzerland so that you could use them?
10             THE DEFENDANT:  It would probably -- it would take me
11 being out on bail and probably about ten days.
12             THE COURT:  Well, Mr. Mekaru, unless the government
13 has something further based on what I've heard the defendant
14 qualifies for a court-appointed attorney.
15             Now, if the Court finds subsequently that the
16 defendant does have funds available to him that the Court can
17 access or he can access then the Court will ask him to reimburse
18 the Court the cost of counsel.  But in the first instance he's
19 entitled to an attorney and it appears that he, based on his
20 representations, that he will not be able to hire that attorney
21 himself.
22             Accordingly, Mr. Heshelman, I'm going to appoint an
23 attorney for you.  You are free to hire your own attorney if you
24 are able to and that person would substitute in for whatever
25 attorney -- whoever I appoint.

```
 1                THE DEFENDANT:  Thank you, your Honor.
 2                MR. MEKARU:  Your Honor, is the Court of a mind to
 3     ask the defendant to file -- to fill out his financial statement?
 4                THE COURT:  Well, as far as the affidavit is
 5     concerned, if I hadn't made that clear before, I still need the
 6     affidavit.
 7                MR. MEKARU:  Thank you.
 8                THE COURT:  But the questions I'm asking you are
 9     shorthand so that I can get to the issue of whether or not you
10     qualify for counsel and I don't have to wait for the affidavit.
11     I still need the affidavit.
12                THE DEFENDANT:  This affidavit?
13                THE COURT:  Yes.
14                THE DEFENDANT:  Okay.
15                THE COURT:  If you would, please.
16                Now, what's the government's position on bail in this
17     case?
18                MR. MEKARU:  Your Honor, I'd ask that the defendant
19     be detained.  We're also asking for three days to prepare for the
20     hearing.
21                THE COURT:  On what basis?
22                MR. MEKARU:  Flight risk.
23                THE COURT:  Why is that?  I don't know anything about
24     this case, Mr. Mekaru.
25                MR. MEKARU:  Well, your Honor, defendant has been --
```

1  actually appeared before this Court on an extradition from
2  Switzerland.  He has been in Switzerland and knew about these
3  charges.
4           And actually I think, if recall correctly, that he
5  had spoken with the case agent about the fact that he was under
6  investigation and has -- while he has family here in the United
7  States, he's a US citizen, has remained outside of the country I
8  believe to avoid prosecution on this matter.
9           He was arrested in Switzerland, faced extradition
10 charges, contested extradition.  He's indicated that he has money
11 in Switzerland that he could access which we would -- if we were
12 to take his word for that then he has the financial resources to
13 again flee from prosecution so we consider him to be a flight
14 risk.
15          THE COURT:  All right.  Thank you.
16          THE DEFENDANT:  May I comment, your Honor?
17          THE COURT:  Let me caution you, Mr. Heshelman, since
18 you have the right to remain silent --
19          THE DEFENDANT:  Correct.
20          THE COURT:  -- and you don't have the benefit of an
21 attorney that I would counsel you against it for the simple
22 reason that the government has laid out a sufficient basis for
23 holding a hearing.
24          Now, we'll discuss the matter more at the hearing
25 itself, and let me tell you about the hearing and maybe that will

1  answer your question before you say anything.

2       When the government lays a foundation for requesting
3  that a person be detained they're entitled to a detention
4  hearing.  Some people might refer to that as a bond hearing.
5  It's all the same thing.

6       At that hearing you have the right to be represented
7  by your attorney.  You have a right to confront and cross-examine
8  any witnesses called by the government.  You have the right to
9  call witnesses to testify in your behalf, and if any of your
10 witnesses don't want to come in voluntarily you can obtain a
11 court order to have them brought in.

12      Your attorney can present other evidence on your
13 behalf, and you have the right to testify if you want to and you
14 have the right not to testify if you don't want to.

15      So you also have the right to ask for a short
16 continuance to prepare for the hearing.  And I don't recall if
17 the government asked for a continuance in this matter or not.

18           MR. MEKARU:  Yes, your Honor.

19           THE COURT:  All right.

20      But we'll hold that hearing later this week unless
21 the parties agree they need more time and that's where we're
22 going to decide this issue as a practical matter.  I'm not going
23 to make any resolution of facts today.

24           THE DEFENDANT:  May I make one statement then?

25           THE COURT:  Yes, you may.

1              THE DEFENDANT:  I knew nothing of these charges nor
2    did I know anything of the warrant and its arrest -- and my
3    arrest.
4              THE COURT:  All right.
5              THE DEFENDANT:  The warrant was actually issued on
6    the wrong passport which was held secret by the US authorities
7    for two years.  It was never --
8              THE COURT:  I'm going to stop you right there because
9    again those are things you want to bring up at the detention
10   hearing.
11             THE DEFENDANT:  All right, sir.
12             THE COURT:  Those are going to be factual
13   determinations the Court will address at that time.  But I
14   understand you have some issues you want to raise in your
15   defense.  I understand that.
16             THE DEFENDANT:  Okay.
17             THE COURT:  Today's not the day to do it.
18             THE DEFENDANT:  Well, it's all a matter of record
19   with the Swiss authorities.
20             THE COURT:  All right.  We'll schedule this for an
21   arraignment and initial pretrial conference at the same time, as
22   well as a detention hearing within the next several days unless
23   defense counsel or defendant wants more time to prepare for that
24   hearing.
25             In the meantime, Mr. Heshelman, you are remanded to

1  the custody of the United States Marshals.
2            Anything further, Mr. Mekaru?
3            MR. MEKARU:  No, your Honor.  Thank you.
4            THE COURT:  Any questions, Mr. Heshelman?
5            THE DEFENDANT:  No, sir.
6            THE COURT:  All right.  Fine.  Thank you.
7            (At 2:19 p.m., proceedings adjourned)
8                       - - - - -

Patricia R. Pritchard, Certified Electronic Reporter
(616) 364-4943

13

CERTIFICATE


    I, Patricia R. Pritchard, CER 3752, Certified Electronic Court Reporter for the State of Michigan, do hereby certify that the foregoing pages, 1 through 13, inclusive, comprise a full, true and correct transcript, to the best of my ability, of the proceedings and testimony recorded in the above-entitled cause.


April 3, 2009                           Patricia R. Pritchard  /S/
                                         Patricia R. Pritchard, CER 3752